### RICHARD HALL v. THE STATE.

No. 10467.　Delivered January 5, 1927.

#### 1.—Murder—Continuance—No Diligence Shown—Properly Overruled.

Where, on a trial for murder, appellant presented his third application for a continuance on account of the absence of a witness, for whose absence a continuation had been granted at the former sitting of the case, and no diligence was shown to secure the attendance of such witness, since the granting of his former application, the continuance was properly refused.

#### 2.—Same—New Trial—Properly Refused.

Where appellant based his motion for a new trial upon his discovery that the residence of an absent witness was found to be, since the trial, in Oklahoma, and could probably be secured to testify, if a new trial should be granted him, and the matters which he expected to prove by said witness, as set out in his motion, were not material to his defense, the new trial was properly refused.

Appeal from the District Court of Bexar County, on a change of venue from Atascosa County. Tried below before the Hon. O. M. Fitzhugh, Special Judge.

Appeal from a conviction for murder, penalty life in the penitentiary.

The opinion states the case.

*E. B. Simmons* of San Antonio, for appellant.

*C. M. Chambers,* District Attorney; *Lamar G. Seeligson,* Assistant District Attorney; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Bexar County of murder, punishment life imprisonment in the penitentiary.

The indictment in this case was returned in April, 1921, in

Atascosa County. In 1923, upon motion of the state, alleging improper influences existing in Atascosa County in behalf of appellant, the venue was changed to Bexar County. The facts from the state's standpoint show that deceased was at work upon an oil derrick when appellant approached the spot, accosted the deceased and shot him with a Winchester rifle. There had been a previous difficulty between the parties in which it appears that deceased struck appellant with a hoe, inflicting a severe injury upon him. This was relied upon by the state as evidencing a former grudge and difficulty from which malice flowed. It we comprehend the record, appellant sought to interpose a plea of self-defense, but his own testimony seems insufficient to bear out the claim. Aside from the testimony affecting the reputation of deceased, appellant was his own chief witness, giving the only favorable version from the standpoint of an eyewitness. He said that following the difficulty in which deceased struck him with a hoe he was informed of some threats made against him by the latter. On the morning of the homicide he started to go to the place of one James seeking work, and that he took his Winchester with him for protection. While en route he noticed a new derrick in some brush and walked up in about thirty or forty feet of the derrick and observed a man at the derrick who turned and came toward him having something in his hand that he thought was a wrench or something else, and being nervous and afraid of deceased, appellant said he pulled up his gun and fired. On cross-examination he said that he was within thirty or forty feet of the derrick before he saw deceased, and that he could not be positive what deceased had in his hand, but that deceased seemed to be starting toward him, appellant. Deceased took about two steps when appellant fired. It seems the men were about thirty-five or forty feet apart at this time. Appellant said that he shot deceased because of the threats made by him and because he made those steps coming toward him; that he was very nervous at the time and figured that he would be killed. The testimony of the state witnesses made out a very aggravated case of murder, showing that appellant walked up to within range of deceased, called to him and told him that he was the man that deceased had hit with the hoe and immediately fired.

The first bill of exceptions complains of the refusal of a continuance. The application therefor was contested by the state on the ground that no diligence was shown. The qualification of the court to the bill of exceptions states that this was the third application, and that a continuance had been granted appel-

lant at a prior term of the court because of the absence of the identical witnesses for whose absence at the instant trial continuance was sought. It appears that at the December term, 1925, said continuance had been granted appellant because of the absence of the witnesses named in the application, the refusal of which is set up here as error. We find no process attached to the application. It is stated, however, that the process applied for at the prior term had been returned into court showing that the witnesses could not be located and that no service had been had upon any of them. It is also stated that the same return appeared upon the process issued for said witnesses at the trial term. We are of opinion that no diligence is shown, and that the action of the trial court in refusing the continuance was justified. In this connection our attention is called to the fact that in his motion for new trial appellant set up that he had discovered since the trial that the main absent witness lived in Oklahoma. No sort of reason is given why this testimony could not have been ascertained before, and the entire matter is wholly lacking in a showing of diligence.

There are two bills of exception complaining of the argument of the district attorney, but as qualified by the trial court neither presents any error.

Appellant reserved a bill of exceptions to the action of the court in refusing to grant him a new trial, the ground of his complaint apparently being that he made such showing in connection with his motion, of the location of his witness for whom he had sought a continuance, that the court should have granted said motion.

Appellant briefs mainly the supposed error of the refusal of a continuance and of his motion for new trial upon the ground that by the witness Winters he expected to show threats, and that since the trial he had discovered that said Winters lived in Oklahoma, and that possibly by another term of the court he might succeed in getting his testimony. As we view this record, the testimony of the witness Winters would have little merit from the standpoint of materiality, even if there had been any diligence shown. If deceased had made to Winters the threats complained of and same had been communicated to appellant it would afford little or no extenuation and no justification for his walking up to within thirty-five or forty feet of deceased, as was done according to his own testimony, and shooting deceased with a Winchester rifle because he made two steps toward him with a wrench in his hand. A number of witnesses testified for the state, all of whom agreed that deceased had nothing

in his hand and made no movement toward appellant. The testimony of appellant himself would not appear sufficient to make out a case of self-defense based on threats.

We have carefully examined each of the bills of exception, having in mind the fact that appellant has received a severe punishment, but are not impressed with the proposition that there is merit in any of the contentions made, and the judgment will be affirmed.

*Affirmed.*